UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-776-JD-MGG |
| HYATT, et al., | |
| Defendants. | |

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed an amended complaint alleging excessive force was used against him at the Miami Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The "core requirement" for an excessive force claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering

ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted).

Carson alleges that on April 5, 2020, Sgt. McCrey shot him in the left hand while he was standing still with his hands in the air as he had been ordered to do by Sgt. McCrey. Though it is possible Sgt. McCrey had a legitimate reason for using force against Carson, the complaint plausibly alleges he did not.

Carson also alleges that on June 7, 2020, Correctional Officer Johnson pressed a taser into his back and tried to trip him while he was cuffing up after he refused to return to his dorm. He alleges Sgt. McCrey applied pressure to his wrist while he was cuffing up. He does not allege he suffered any injury as a result of these events, but he "must have suffered a harm to have a cognizable claim." *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009). Without an injury, these possibly unnecessary or unprofessional actions do not state a claim because "[t]here is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), *see also Hudson v. McMillian*, 503 U.S. 1, 9-10. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (1973). Therefore these allegations about events on June 7, 2020, do not state a claim.

Carson alleges Warden Hyatt was present on June 7, 2020, but did not intervene to stop the two officers. "[A]n officer is personally responsible, and thus liable under § 1983, if he knows about another's constitutional violation, has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so . . .." *Childress v. Walker*, 787 F.3d 433, 440 (7th Cir. 2015) citing *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Here however, there was no constitutional violation on June 7, 2020, therefore Warden Hyatt had no obligation to intervene.

Finally, Carson names Brittany Drudge as a defendant. He alleges she was present on April 5, 2020, when Sgt. McCray shot him. He does not allege she had a reasonable opportunity to have stopped him. Therefore the complaint does not state a claim against her.

For these reasons, the court:

(1) GRANTS Daveaun Carson leave to proceed against Sgt. McCrey in his individual capacity for compensatory and punitive damages for using excessive force in violation of the Eighth Amendment by shooting him in the left hand while he was standing still with his hands in the air as he had been ordered to do by Sgt. McCrey on April 5, 2020;

(2) DISMISSES all other claims;

(3) DISMISSES Hyatt, Johnson, and Brittany Drudge;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sgt. McCrey at the Indiana

Department of Correction, with a copy of this order and the amended complaint (ECF 8), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. McCrey to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 5, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT