UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-776-JD-MGG |
| HYATT, et al., | |
| Defendants. | |

ORDER

Daveaun Carson, a prisoner without a lawyer, filed a motion asking to be appointed counsel in this civil lawsuit. ECF 9. However, "[t]here is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Nevertheless, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties for free. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Here, Carson makes no mention of having tried to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th

Cir. 1992); *see also Pruitt*, 503 F.3d at 654; *Romanelli v. Suliene*, 615 F.3d 847 (7th Cir. 2010); *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013).

For these reasons, the motion for counsel (ECF 11) is DENIED. The clerk is DIRECTED to send Daveaun Carson ten (10) copies of the screening order (ECF 9) so he can include them with a letter to ten individual attorneys asking for representation.

SO ORDERED this November 4, 2020.

                                                  s/Michael G. Gotsch, Sr.
                                                  Michael G. Gotsch, Sr.
                                                  United States Magistrate Judge