UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

        Plaintiff,

        v.       CAUSE NO. 3:20-CV-776-JD-MGG

McCREY,

        Defendant.

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, is proceeding in this case "against Sgt. McCrey in his individual capacity for compensatory and punitive damages for using excessive force in violation of the Eighth Amendment by shooting him in the left hand while he was standing still with his hands in the air as he had been ordered to do by Sgt. McCrey on April 5, 2020[.]" ECF 9 at 3. Sgt. McCrey moved for summary judgment, arguing Carson did not exhaust his administrative remedies before filing suit. ECF 23. Carson filed a response and Sgt. McCrey filed a reply. ECF 35, 36. The summary judgment motion is now fully briefed and ripe for ruling.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis

added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). "[A] remedy is not 'available' within the meaning of the Prison Litigation Reform Act to a person physically unable to pursue it." *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011). Accordingly, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

The grievance history shows Carson filed a formal grievance regarding the conduct in his complaint on May 14, 2020, which was returned as untimely because it was filed more than 10 business days after April 5, 2020. ECF 23-4, 23-5. Carson concedes the prison had a grievance system, his claims were grievable, and he did not timely file a grievance. However, Carson argues the grievance process was unavailable to him because he was kept in the prison's secured housing unit from March 28, 2020, to June 1, 2020, and did not have access to grievance forms during that time. ECF 35 at 1. Carson asserts he requested grievance forms from numerous correctional officers and

the prison's Grievance Specialist, but he was unable to obtain a grievance form. *Id.* Carson submits an affidavit from offender Kamion Melton, who attests he "heard Carson asking for grievances when he came back from medical and was denied." ECF 35-1. Carson indicated on his May 14 grievance that he was able to obtain the grievance form from a caseworker. ECF 23-4.

Sgt. McCrey responds that the grievance process "is available to offenders at all times, including when they are in restricted housing," but he does not specifically address Carson's assertion he had no access to grievance forms while in the secured housing unit. *See* ECF 36 at 2-3; *Hill*, 817 F.3d at 1041. Sgt. McCrey also notes Carson was able to file his grievance on May 14, 2020, while he was still in the secured housing unit, but that does not prove Carson had access to a grievance form prior to that date. ECF 36 at 3.

Based on the foregoing, Sgt. McCrey has not carried his burden of proving Carson did not exhaust his administrative remedies, as a genuine issue exists regarding whether the remedies were available to Carson. *See King*, 781 F.3d at 893; *Woodford*, 548 U.S. at 102; *Hill*, 817 F.3d at 1041. Specifically, a genuine issue exists regarding whether Carson had access to grievance forms during the 10 business days following the April 5, 2020, incident, such that he could have filed a timely grievance. Resolving this issue will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless Sgt. McCrey files a motion requesting it.

3

For these reasons, the motion for summary judgment (ECF 23) is **DENIED**. The defendant is **CAUTIONED** that if a *Pavey* hearing is not requested by **September 1, 2021**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED ON July 30, 2021

                                        /s/JON E. DEGUILIO
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT