UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-776-JD-MGG |
| McCREY, | |
| Defendant. | |

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, is proceeding in this case "against Sgt. McCrey in his individual capacity for compensatory and punitive damages for using excessive force in violation of the Eighth Amendment by shooting him in the left hand while he was standing still with his hands in the air as he had been ordered to do by Sgt. McCrey on April 5, 2020 . . .." ECF 9 at 3. The defendant filed a summary judgment motion asserting Carson had not exhausted his administrative remedies. ECF 23. In ruling on that motion, the court found there was a genuine issue of material fact that could only be resolved with a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). ECF 43. The case was referred to Magistrate Judge Gotsch to conduct the *Pavey* hearing. ECF 45. Following the hearing, he issued a Report and Recommendation. ECF 85. Carson objected. ECF 86. The defendant filed a response. ECF 87. Carson did not file a reply and the time for doing so has passed.

This case was referred for a *Pavey* hearing to answer one question: "whether Carson had access to grievance forms during the 10 business days following the April 5,

2020, incident, such that he could have filed a timely grievance." ECF 43 at 3. The Report and Recommendation found "the grievance process, including access to grievance forms, was available to Carson during the ten business days that followed the use of force incident." ECF 85 at 7.

In his objection, Carson presents several reasons why he believes the Report and Recommendation is wrong. He argues Sgt. Porter made the grievance process unavailable when she told him he "could not file a grievance about . . . disciplinary actions and a write-up and staff discipline . . .." ECF 86 at 1. Though the charges were later dismissed, Carson was initially charged with Interfering with Staff. The Magistrate Judge correctly concluded Sgt. Porter accurately explained the grievance policy and did not prevent Carson from filing a grievance because this case is not about disciplinary actions, a write-up, or staff discipline. This case is about an alleged excessive use of force. As the Magistrate Judge noted, the grievance policy explains:

> An offender may not grieve the procedure used in disciplinary proceedings or grieve a finding of guilt. However, the offender is not barred from filing a grievance about an event that is merely related to an event that is the subject of disciplinary proceedings. For example, an offender who has been found guilty of battery of staff would not necessarily be barred from filing a grievance that the staff member had treated him or his property improperly in the same course of events.

ECF 23-2 at 10. Carson says he did not understand that at the time. He appears to not understand it now. However, the Magistrate Judge correctly found his misunderstanding is not a basis for finding the grievance policy was made unavailable to him.

Carson argues he filed a grievance on April 16, 2020, using an old form. The Magistrate Judge found that testimony dubious, but held that even if true, Carson's own testimony showed he had not followed the grievance policy. Carson repeats the same arguments in his objection. Carson asserts on April 27, 2020, he was told "to re-file on the proper form . . ..″ ECF 86 at 3. The Magistrate Judge found, "Carson testified that, on either April 26 or April 27, he received . . . the current grievance form from Counselor Hamrick on one of those dates." ECF 85 at 8. Carson "object[s] to [Magistrate Judge] Gotsch saying those forms were given immediately because even Morson testified that she was getting old forms still in April and May." ECF 86 at 3. Morson's testimony about receiving old forms is not a basis for discrediting Carson's own testimony that Counselor Hamrick gave him a new form on April 26 or 27.

Carson filed a grievance seventeen days later on May 14, 2020. He argues "I never knew I had a time limit of (10) days or (5) days or any days to file the grievance all I know was that Sgt. Porter told me I got and was getting written up and this was not grievable . . ..″ ECF 86 at 3. He "object[s] to [Magistrate] Judge Gotsch saying I didn't respond or follow every procedure to the best of my ability." ECF 86 at 4. As previously explained. Sgt. Porter's statement was accurate and did not prevent Carson from filing a grievance. Dubious or not, Carson claimed he filed a grievance even though he did not believe he could. He claims it was returned with instructions telling him to use a new form which he testified he received. The Magistrate Judge did not err in finding Carson did not follow the grievance policy when he waited thirteen business days because of his mistaken belief that he could not file a grievance until the charges

3

against him were dismissed. Carson's purported April 16, 2020, grievance demonstrates he was able to file a grievance and that his mistaken belief was unreasonable. As for his asserted ignorance of the deadline for re-filing, he provides no explanation for how it could be plausible to believe he had seventeen business days to re-file a grievance when he only had ten business days after the incident to file the initial grievance.

Carson notes on "April 1, 2020, MCF's grievance policy was changed to a new amended policy . . .." ECF 86 at 5. He argues he should have, but was not given the new policy. However, this case was not referred to decide whether Carson was given the new policy. The question was whether he had access to grievance forms. Carson has not and does not explain how any changes in the policy altered his understanding that a grievance process existed, that he was required to use it, or how any changes made him unable to file a timely grievance.

Carson argues he "wasn't given a grievance until April 16th, 11 days after the incident." ECF 86 at 6. The incident occurred on April 1, 2020. This case was referred to determine if he had access to a grievance form within ten <u>business</u> days because the policy required Carson to file a grievance within ten <u>business</u> days – not ten <u>calendar</u> days. Carson now admits in the objection that he had access on the ninth day and that he filed the grievance on the ninth day. This admission combined with his not timely re-filing the grievance on the correct form conclusively supports granting the summary judgment motion.

Carson objects "to any evidence submitted by Nerro [because] I said for the record I did not ask him for a grievance . . .." ECF 86 at 8. The Magistrate Judge found

4

Unit Team Manager Jason Nero testified "If Carson had asked him for a grievance form, he would have provided one [and] noted any such requests in his case notes, but the case notes mention no such requests." ECF 85 at 4. Carson's assertion that Manager Nero's testimony was consistent with his own is not a basis for objecting to his testimony nor a basis for not adopting the Report and Recommendation.

Carson objects "to the fact on my May 14th grievance submitted it was said untimely [because] I told the judge . . . why I timed late . . .." ECF 86 at 8. As previously explained, the Magistrate Judge did not err in finding the grievance system was not made unavailable because of Carson's mistaken belief that he could not file a grievance until the charges against him were dismissed.

Carson objects "to [Magistrate Judge] Gotsch saying that I incorrectly understood Sgt. Porter statement." ECF 86 at 9. As previously explained, the Magistrate Judge did not error in finding Sgt. Porter's statement was an accurate representation of the grievance policy.

Carson objects "to [Magistrate Judge] Gotsch finding that Unit Team [Manager] Angle and Counselor Hamrick provided grievance forms." ECF 86 at 9. The Magistrate Judge did not find that Manager Angle provided a form. The only references in the Report and Recommendation say Manager Angle did not provide Carson with a grievance form. As for Counsel Hamrick, Carson's interrogatory answer said he got a form from him. ECF 62 at 2. The Magistrate Judge did not err in believing Carson's sworn testimony.

5

Carson objects "to judge saying the notice came from Shawna Morson the grievance specialist [saying] you need to resubmit your grievance on the new forms [because] it came from Hamrick . . .." ECF 86 at 9. The Magistrate Judge found that Carson testified it came from Shawna Morson, but even if this was incorrect, it is irrelevant. Carson acknowledges he was told to resubmit his grievance on the proper form. It does not matter who told him. What matters is he knew and did not re-submit a timely grievance.

Having reviewed the report and recommendation (ECF 85) and finding no clear error, the Court ADOPTS it in its entirety and incorporates Magistrate Judge Gotsch's recommendations into this Order. The Court DISMISSES this case WITHOUT PREJUDICE because Daveaun Carson did not exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a). The clerk is DIRECTED to close this case.

SO ORDERED on August 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT